MR

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED

FEB 09 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Jane Doe., and those situated as such:

Dr. Maketa S. Jolly

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

National Council of State Boards of

Nursing ., and its offiicals in their

personal and professional capacity

New Jersey Board of Nursing, Barbara Blozen

professional and personal capacity

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No:
(To be supplied by the Clerk of this Court)

1:26-cv-01667
Judge April M. Perry
Magistrate Judge Beth W. Jantz
RANDOM/Cat 2

**CHECK ONE ONLY:**

X          **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____          **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____          **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

    A.  Name: Jane Doe., and those situated as such:

    B.  List all aliases: Dr. Maketa S. Jolly

    C.  Prisoner identification number: Not applicable

    D.  Place of present confinement: Not applicable

    E.  Address: Confidenital

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.  Defendant: National Council of State Boards of

        Title: New Jersey Board of Nursing, Barbara Blozen

        Place of Employment: NJ Board Member NCSBN

    B.  Defendant: New Jersey Board of Nursing, Barbara Blozen

        Title: Board President

        Place of Employment: NJ Board of Nursing

    C.  Defendant: _____

        Title: _____

        Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A. Name of case and docket number: Not applicable

    B. Approximate date of filing lawsuit: _____

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
Unknown

    D. List all defendants: New Jersey Board of Nursing, Barbara Blozen

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

    F. Name of judge to whom case was assigned: _____

    G. Basic claim made: _____

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

    I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## STATEMENT OF THE CLAIM:

Plaintiff, Dr. Maketa Jolly ("Plaintiff"), is a resident of Montgomery County, Pennsylvania. Plaintiff is an educator and recipient of a doctoral degree. Plaintiff brings this action to vindicate her constitutional and statutory rights and to seek redress for a prolonged and coordinated dissemination of false and misleading information that resulted in reputational, professional, and liberty-based harms.

This action arises from a multi-year investigation into the origin, transmission, and continued republication of demonstrably false information concerning Plaintiff. In or about 2024, licensed attorneys based in Washington, D.C. and the State of New Jersey were retained to review and analyze a multi-pronged evidentiary record, including documents submitted to federal congressional repositories and materials associated with the National Council of State Boards of Nursing ("NCSBN").

The initial purpose of the legal review was to identify the source and structure of the disinformation campaign, to determine the individuals and entities most responsible for its origination and dissemination, and to assess the mechanisms by which such false information was repeatedly reported and relied upon as purportedly authoritative state-related material.

As detailed below, Defendants acted with at least reckless disregard for the truth in continuing to publish and rely upon false information after being placed on notice of its inaccuracy.

Plaintiff brings her federal claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) the defendant deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by conduct taken under color of state law. A defendant acts under color of state law when exercising power possessed by virtue of state authority or when engaging in conduct that is fairly attributable to the State.

Plaintiff alleges that Defendants, acting under color of state law and/or in concert with state actors, caused the public dissemination of false and stigmatizing information about Plaintiff and, in connection with that dissemination, altered or adversely affected her protected liberty interests, including her professional standing and ability to pursue her occupation. Plaintiff further alleges that Defendants failed to provide constitutionally required procedural protections, including notice and a meaningful opportunity to clear her name, before or after inflicting such stigma-based.

On or about May 14, 2020, during the height of the COVID-19 pandemic, officials employed by the State of New Jersey wrongfully accessed Plaintiff Dr. Maketa Jolly's demographic and licensure-related information by relying upon an outdated and inactive application previously submitted to the State of New Jersey in connection with Registered Nurse licensure. Plaintiff's New Jersey Registered Nurse ("RN") license expired on May 31, 2019. Notwithstanding the expiration of that license, and without lawful authority or factual basis, the State of New Jersey thereafter generated, transmitted, and/or caused to be transmitted reports containing false and inaccurate information concerning Plaintiff's licensure status.

Specifically, the State of New Jersey falsely reported that Plaintiff sought or applied for licensure as a Licensed Practical Nurse ("LPN") in the State of New Jersey. That assertion is categorically false and remains untrue to this day. Plaintiff has never applied for New Jersey LPN licensure at any time.

At all relevant times, Plaintiff was a resident of Montgomery County, Pennsylvania. Plaintiff was not a resident of the State of New Jersey, nor was she employed in the State of New Jersey, at the time the State of New Jersey generated and disseminated the false licensure reporting at issue.

The foregoing actions constitute the knowing or reckless dissemination of false state records concerning Plaintiff and form part of the basis for the constitutional and statutory violations alleged herein. Defendants lacked Plaintiff's consent and any lawful justification to access or repurpose the expired application materials. Defendants continued to maintain and disseminate the false information after being placed on notice of its inaccuracy.

The State of New Jersey's failure to conduct any lawful administrative hearing concerning Plaintiff Dr. Maketa Jolly was unlawful and constitutionally deficient. At all relevant times, the State of New Jersey lacked personal jurisdiction over Plaintiff, including long-arm jurisdiction, and possessed no statutory or regulatory authority to initiate administrative proceedings, impose sanctions, or otherwise exercise disciplinary power over her.

Plaintiff was not a resident of the State of New Jersey, was not employed in the State of New Jersey, and was not subject to ongoing licensure or regulatory oversight by New Jersey at the time the purported actions were taken. Accordingly, the State of New Jersey lacked jurisdiction to proceed against Plaintiff, whether directly or indirectly. notwithstanding the absence of jurisdiction and without providing notice, due process, or a meaningful opportunity to be heard, state officials nonetheless drafted, imposed, and/or authorized sanctions against Plaintiff in violation of constitutional and statutory limitations. Such actions were undertaken unlawfully against a non-resident individual over whom the State had no authority.

The evidence further demonstrates that state officials exploited the proximity and access of New Jersey-generated records to a national or centralized repository (NURSys ®) to disseminate and amplify false, misleading, and unauthorized information concerning Plaintiff. This conduct transformed an otherwise jurisdictionally void and procedurally unlawful state action into a nationwide publication of false state records, resulting in substantial and foreseeable harm to Plaintiff's reputation, professional standing, and protected liberty interests.

Between 2021 and 2025, Plaintiff Dr. Maketa Jolly repeatedly notified the National Council of State Boards of Nursing ("NCSBN") of the existence of false, inaccurate, and unauthorized information maintained about her within NCSBN's national repository. During that period, Plaintiff provided documentary and evidentiary materials demonstrating the falsity of the reported information and formally requested that NCSBN delete, correct, or otherwise remediate the erroneous national adjudication materials from its records.

Despite receiving notice and supporting evidence, NCSBN failed and refused to take corrective action. Instead, counsel for NCSBN initiated direct email communication with Plaintiff without authorization or consent and advised Plaintiff that NCSBN would retain the disputed and falsified data within the national repository NURSys. NCSBN's counsel further instructed Plaintiff to seek relief from the New Jersey Board of Nursing, notwithstanding Plaintiff's prior notice that the underlying New Jersey information was jurisdictionally void, inaccurate, and unlawfully generated.

NCSBN's refusal to remediate the false information after notice, coupled with its continued maintenance and dissemination of such data through a national repository relied upon by third parties, constituted deliberate indifference to the falsity of the records and foreseeably resulted in ongoing reputational, professional, and liberty-based harms to Plaintiff.

New Jersey statutory law, including N.J.S.A. § 26:2H-12.2(b), governs the categories of entities and individuals from whom the New Jersey Board of Nursing may accept and rely upon nurse performance complaints and related reports. While the statute permits certain reporting from out-of-state nonprofit organizations, it does not authorize the acceptance or dissemination of false, misleading, or jurisdictionally defective academic or performance information.

These portrayals were materially false and misleading. They were generated and disseminated despite the absence of verified academic deficiencies and notwithstanding Plaintiff's repeated notice and submission of documentary evidence refuting such claims. The false representations caused Plaintiff to be viewed by third parties as lacking academic integrity or legitimacy, when in fact no such deficiencies existed.

Further, state officials unlawfully accessed, used, or relied upon information purporting to be Plaintiff's academic records without lawful authority. In doing so, officials mischaracterized or substituted unrelated information— including references to social welfare program participation or other non-academic data— as purported academic or professional records. Such conduct lacked factual basis and bore no legitimate regulatory purpose.

The way these false narratives were constructed and disseminated reflects disparate and discriminatory treatment. Plaintiff, a member of a protected class, was subjected to adverse assumptions, stigmatization, and heightened scrutiny that were not applied similarly to non-minority individuals. These actions foreseeably resulted in severe reputational harm, loss of professional opportunities, and significant economic injury.

Despite being placed on notice of the falsity and unlawfulness of the information, Defendants and associated entities continued to maintain and propagate the false narratives. Such conduct constituted intentional or reckless disregard for Plaintiff's constitutional rights and contributed to the deprivation of her liberty and property interests without due process of law.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Permanent redaction of my name and likeness, any alleged state adjudications be removed from national and state repositories

the ceassatin of publication of my name and demographic by the NCSBN

and New Jersey Board of Nursing, and any other relief that the Courts deem apporpriate

XI.    The plaintiff demands that the case be tried by a jury.    ☑ YES    ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 2 day of 2 , 20 26

_____
(Signature of plaintiff or plaintiffs)

X    Dr. Maketa S. Jolly
(Print name)

_____
(I.D. Number)

Confidential
_____

_____
(Address)

PRESS FIRMLY TO SEAL        PRESS FIRMLY TO SEAL        PRIORITY MAIL
                                                        FLAT RATE ENVELOPE
                                                        POSTAGE REQUIRED



UNITED STATES POSTAL SERVICE          Retail

P   US POSTAGE PAID
    $11.95    Origin: 19031
              02/02/26
              4127920031-16

PRIORITY MAIL®

0 Lb 5.90 Oz
RDC 03

EXPECTED DELIVERY DAY: 02/05/26

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING #

9505 5151 8687 6033 9851 54



FROM:

UNITED STATES POSTAL SERVICE®    PRIORITY MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
A. Foy
Montgomery Co

RECEIVED
FEB 09 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TO:
U.S. District Court
Northern District
Chicago, IL
C/o Clerk of Court
219 S. Dearborn St.
Chicago, IL 60604

Label 228, December 2023     FOR DOMESTIC AND INTERNATIONAL USE

Expected delivery date sp...
Domestic shipments inclu...
USPS Tracking® service in...
Limited international insura...
When used internationally,...

*Insurance does not cover certain it...
Domestic Mail Manual at http://pe.u...
** See International Mail Manual at h...

FLAT RATE E...
ONE RATE ■ ANY WEIGH...

TRACKED ■ IN...

PS00001000014